# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **WAYNE STROWN,** | ) |
| **Petitioner,** | ) |
| v. | ) Case No.: 1:21-cv-0667-LCB-JHE |
| **JIMMY KILGORE,** | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION

On June 25, 2021, Magistrate Judge John H. England, III entered a report and recommendation, (doc. 5), recommending that the petition for writ of habeas corpus be dismissed without prejudice as unexhausted. The petitioner has not filed objections. However, on June 26, 2021, the petitioner filed an amended petition for a writ of habeas corpus. (Doc. 6). In the amended petition, the petitioner variously states that an appeal in the Alabama Court of Criminal Appeals is "processing," "under review," and currently pending. *Id.* at 3–5, 13. Nevertheless, he also says that his state remedies have been exhausted. *Id.* at 13.

The petitioner filed the amended petition less than two months after the probation revocation he challenges. As Judge England stated, "[a] full round of appellate review would have been temporally impossible" in that time frame. (Doc.

5 at 2). Therefore, the amended petition is also unexhausted and due to be dismissed for the same reasons discussed in the report and recommendation.[1]

If a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the District Court must conduct a de novo review of those portions of the report to which the party has specifically objected. 28 U.S.C. § 636(b)(1). Unchallenged portions of a Magistrate Judge's report are reviewed for clear error. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

Having reviewed the proposed findings and recommendations for clear error, the Court concludes that the Magistrate Judge's Report and Recommendation (doc. 5) should be **ACCEPTED** and hereby **ADOPTS** it as the findings of the Court. The case is therefore **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this July 21, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[1] The petitioner should note that simply filing an appeal does not exhaust a claim for federal habeas purposes. He must actually receive a decision from each court in which he is required to exhaust claims before a federal court can consider his petition.